UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| SURRELL M. DUFF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:22-CV-63-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEN BEARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Surrell Duff has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Duff indicates that he is a federal inmate, formerly confined at the Federal Correctional Institution in Ashland, Kentucky. *See* [R. 1–1, p. 2]. In his Complaint, Duff generally alleges that beginning in March 2020 with the onset of the COVID-19 pandemic, the warden and prison staff at FCI-Ashland failed to provide adequate living conditions. *Id.* at 3–5. More specifically, he indicates that he was not given adequate supplies to clean his cell; not all of the staff and inmates were consistently tested for the virus; infected inmates were not promptly and fully quarantined; inmates were not able to socially distance; and the prison did not have adequate ventilation. *Id.; see also* [R. 1–2 at 1-4]. As a result, eight months later Duff tested positive for COVID-19 on November 19, 2020. [R. 1–2, p. 6]. Shortly thereafter Duff began to file complaints regarding his medical care and the conditions of his confinement. *See id.* at 9. In

December 2020, Duff sought compassionate release on that ground, but the warden promptly denied his request. *Id.* at 7.

On January 14, 2021, Duff filed a motion requesting compassionate release from the sentencing court. *See United States v. Duff*, No. 3:18-CR-75-RJC-DCK-1 (W.D.N.C. 2018) [R. 37]. Duff's motion included his complaints regarding the conditions of his confinement and the prison's response to the pandemic. *See id.* The government opposed the motion, noting that Duff's medical records established that he had experienced only chest pain and a cough during his infection; that he had no medical conditions placing him at a heightened risk of severe infection; and that his lengthy and recidivist criminal history counseled against release when he had served less than 25% of his federal sentence. *Id.* at [R. 39; R. 44]. That motion remains pending as of this writing.

On April 15, 2021, five months after he was diagnosed with COVID-19, Duff filed an inmate grievance complaining that prison staff were negligent by allowing him to be exposed to the virus. *See id.* at 14–16. Duff pursued a formal grievance with the warden, later filed an appeal to the Mid-Atlantic Regional Office, and finally appealed to the Central Office, all without success. *See id.* at 17–25. The Central Office denied Duff's appeal on September 17, 2021. *Id.* at 25.

Nearly a year later, on August 11, 2022, Duff filed his Complaint in this Court.[1] [R. 1]. Duff contends that the Defendants, the warden, and several officers at FCI-Ashland, failed to ensure that conditions at the prison complied with guidelines from the Centers for Disease Control and Prevention and to provide living conditions safe from the spread of the virus. *See id.*

---

[1] This is the date Duff signed his Complaint. Under the "prison mailbox" rule, his Complaint is generally deemed filed at that time. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

at 2. Duff contends that the Defendants violated his rights under the Eighth Amendment and seeks damages. *See id*. at 4, 8.

The Court has thoroughly reviewed the Complaint and the materials Duff has filed in support of it. Having done so, the Court will dismiss Duff's complaint because he did not file suit within the time permitted by the applicable statute of limitations, and his claims are therefore time-barred. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *see also Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)).

In a case where the plaintiff is suing federal employees under *Bivens* for asserted violations of his civil rights, the federal court applies the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 280-81 (6th Cir. 2012) (holding that *Bivens* claims are governed by the local statute of limitations for personal-injury actions). For claims like Duff's, which arose in Kentucky, the applicable limitations period for personal injury actions is one year under Ky. Rev. Stat. § 413.140(1)(a). *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009).

Federal law governs when a *Bivens* claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim accrues on the date when the plaintiff should have discovered the injury which forms the basis for his claims through the exercise of reasonable diligence. *Johnson v. Memphis*

*Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015). Duff's allegations indicate that his claims had arguably accrued on or before November 19, 2020, when he tested positive for COVID-19, but certainly no later than January 14, 2021, when he sought compassionate release based, in part, upon unsatisfactory conditions at the prison. For purposes of discussion, the Court will use the latter date, and assume that the statute of limitations began to run on January 14, 2021.

The limitations period continued to run until April 15, 2021, when Duff filed an inmate grievance regarding his complaints. Federal law required Duff to exhaust his administrative remedies available under the BOP's Inmate Grievance Program before he could file suit. *See* 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 205-07. And when a plaintiff is required to exhaust such remedies as a precondition to suit, the limitations period is tolled while he pursues those remedies diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). The limitations period was therefore tolled until Duff exhausted his administrative remedies on September 17, 2021, and resumed thereafter. These tolling rules merely interrupt the running of the limitations period; they do not defer accrual of the claim until the remedy process is complete. *See Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25 (E.D. Ky. June 9, 2006) ("[E]xhaustion of administrative remedies tolls the running of the statute of limitations, but it does not delay its commencement."), *aff'd and remanded*, 257 F. App'x 897 (6th Cir. 2007); *see also Gonzalez v. Hasty*, 651 F.3d 318, 322 n.2, 324 (2d Cir. 2011) ("[T]he applicable three-year statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when Gonzalez began the administrative remedy process.") (*citing Brown*).

After exhausting his administrative remedies, Duff waited an additional eleven months before he filed his Complaint on August 11, 2022. When added to the three-month period between January and April 2021, Duff did not file suit until fourteen months after the latest possible accrual date to file suit. Because this is longer than the one-year allowed by Section 413.140(1)(a), Duff's claims are time-barred and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff Surrell Duff's Complaint, **[R. 1]**, is **DISMISSED** with prejudice, and this action is **STRICKEN** from the Court's docket.

2. A judgment shall enter contemporaneously with this Order.

This the 17th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY